# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AGILITY HOLDINGS, LLC d/b/a VCPI,

        Plaintiff,

v.                                Case No. 20-CV-01269

ELDERWOOD ADMINISTRATIVE SERVICES, LLC,

        Defendant.

## ORDER REGARDING TAKING DEPOSITIONS VIA REMOTE MEANS

The Plaintiff and Defendant (collectively, the "Parties") have stipulated to the following protocol for conducting depositions via remote means in the above captioned matter and have jointly moved the Court for an order. The Court GRANTS the Parties' stipulated motion and ORDERS the following:

1. Definitions:

    a.    "Attending Counsel" means any legal counsel for a party who is attending the deposition of a non-party.

b. "Court Reporter" means an individual retained by the deposing party to transcribe the oral testimony offered at a deposition in the Litigation and who is authorized to administer oaths.

c. "Deposition" means any deposition upon oral examination taken pursuant to Fed. R. Civ. P. 27, Fed. R. Civ. P. 30, Fed. R. Civ. P. 45 or any court order.

d. "Deposing Counsel" means the legal counsel of the party or parties noticing and taking a deposition in the litigation and includes any pro se litigant noticing and taking a deposition.

e. "Defending Counsel" means the legal counsel (including counsel of record and agency/in-house counsel) of the party, parties, non-party or non-parties defending a deposition in the litigation.

f. "Document" carries its broadest meaning consistent with Fed. R. Civ. P. 34 and includes both ESI and Hard Copy Documents.

g. "Electronically Stored Information" or "ESI" carries its broadest possible meaning consistent with Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001.

h. "Exhibit" means any Document or Electronically Stored Information is marked as an exhibit during a Deposition.

i. "Hard Copy Document" means any document or thing discoverable under Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 34 that cannot be characterized as ESI.

j. "Litigation" means the case captioned above.

k. "Non-parties" means all natural or legal persons who are not Parties from whom a Party is seeking testimony at a deposition in the litigation.

2. All depositions must be conducted remotely using videoconference or other similar technology agreed to by the Parties. A preference to attend a deposition in person rather than by remote means is not, standing alone, grounds to file a motion to quash or for a protective order, nor to stay the deposition. An objection that the deposition will take place by remote means is not, standing alone, a ground to file a motion to quash or for a protective order, nor will it stay the deposition. A Party objecting to a deposition being conducted remotely must demonstrate good cause why the deposition must be conducted in person.

3. Deposing Counsel and Defending Counsel must provide adequate prior notice of depositions to be taken remotely to allow Defending Counsel time to prepare the deponent to testify remotely and accommodate reasonable scheduling requests.

4. The notice must indicate the service provider or technological means Deposing Counsel will utilize to conduct the deposition.

5. As used in Fed. R. Civ. P. 28(a)(1)(A), the "place of examination" is the location of the deponent.

6. Deposing Counsel and Defending Counsel must meet, confer, and cooperate to ensure that the deponent has technology sufficient to attend a deposition via remote means. If necessary, this may include arranging for the deponent to participate in a "test run" of any deposition video conferencing platform or software being utilized.

7. Deposing Counsel must bear the cost of ensuring that the deponent has adequate equipment to participate in the deposition by video conference, including access to needed software, hardware, internet bandwidth and other necessary equipment. Defending Counsel must consult with the deponent to confirm that the deponent has the necessary technology (i.e., computer with a web camera, telephone and/or sufficient bandwidth) and must notify Deposing Counsel at least seven days prior to the noticed deposition if the deponent does not have the necessary technology. The Parties must work collaboratively and in good faith with each other to assess the deponent's technological abilities and make any adjustments needed.

8. Deposing Counsel is responsible for ensuring that the remote means utilized for a deposition allow for the Court Reporter to accurately record the deponent's testimony.

9. By the Parties' stipulation, a Court Reporter may administer an oath concerning a Deposition in the Litigation via remote means without regard to the state in which the Deponent or Court Reporter is located. See Fed. R. Civ. P. 28 and 29.

10. The deponent, Deposing Counsel, Defending Counsel, Attending Counsel, the Court Reporter and the Parties must participate in the videoconference deposition remotely and separately. Each person attending a deposition must be visible to all other participants during the proceedings and their statements must be audible to all other participants. All deposition attendees must make reasonable efforts to ensure their environments are free from noise and distractions.

11. Deposing Counsel and Defending Counsel are responsible for ensuring that any exhibits that they may wish to mark and use at the deposition can be shown to the witness in a manner that enables the witness to review the exhibits during the deposition. Such means of marking and using exhibits for the deposition may include (a) sending pre-marked exhibits to the deponent, defending counsel, attending counsel, and the court

reporter in advance of the deposition, to be received no later than noon the business day prior to the noticed deposition; (b) emailing pre-marked exhibits to the deponent, defending counsel, attending counsel, and the court reporter in advance of the deposition, to be received by all at or around the same time and no later than noon the business day prior to the noticed deposition; (c) using a video conferencing platform that enables counsel to share exhibits with the deponent, court reporter, defending counsel and attending counsel, including via screenshare; and/or (d) any other means to which the Deposing Counsel, Defending Counsel and Attending Counsel agree. Deposing Counsel and Defending Counsel may use one or more means of providing exhibits throughout the deposition. Unless the Parties agree otherwise, if the Exhibits have been mailed in advance, every recipient of the package must keep the package sealed until the deposition begins and the packages may be unsealed while on the record and only when directed by counsel who mailed the Exhibits. If the Exhibits have been emailed, Deposing Counsel or Defending Counsel may password-protect the container and provide the password on the record. If Exhibits are voluminous, to avoid delay in the proceedings, Deposing Counsel or Defending Counsel may consider having the Deponent use two devices (one for the video functions and one for the

exhibits) or mailing printed copies of the exhibits in advance. Deposing Counsel and Defending Counsel are responsible for pre-marking all exhibits they intend to use during the deposition, including those exhibits shown remotely via video conference.

12. At the end of each day of deposition, any counsel who has introduced an Exhibit must provide the Court Reporter and all Counsel a complete set of those Exhibits marked during the deposition by electronic means.

13. Should technical issues prevent the Court Reporter from reliably hearing or transcribing the testimony at any deposition taken pursuant to this order and such technical issue cannot be remedied in a timely manner, Deposing Counsel, Defending Counsel and Attending Counsel must meet, confer and cooperate with one another regarding the rescheduling of the deposition.

14. No person may initiate a private conference with a deponent—including through text message, instant message, e-mail, chat function or by any other means—except during a break in the deposition.

15. During breaks, the Parties may use private (virtual) breakout rooms or other means to communicate as otherwise permissible under the Federal Rules of Civil Procedure. Counsel for each party is responsible for

providing for the logistics of their own manner of communication during a break.

16. In addition to recording deposition testimony by stenographic means, any party may record the deposition via video, or ask that the service provider do so, at the requesting party's cost. The notice of deposition must indicate the means of video recording.

17. All objections to the use and admissibility of the transcript or video of a deposition taken pursuant to this order based on the fact that the deposition was taken by remote means, that the Court Reporter was not present with the deponent during the deposition, and/or that the Court Reporter is not a notary public in same state as the place of examination are waived.

18. The transcript and/or video recorded deposition may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties must not object to the use of these video recordings on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

19. All persons attending depositions taken by remote means are reminded that the typical rules of professionalism and etiquette during depositions still apply. All persons attending depositions taken pursuant to this order

who do not have an immediate need to speak must ensure that their telephone or video conference lines are muted. In addition, all persons attending depositions taken pursuant to this order must ensure that they can do so in a space that is relatively free from distractions that would inhibit the course of the deposition.

Dated at Milwaukee, Wisconsin this 25th day of October, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge